**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No.** 4:25-cv-155-DMB-JMV |
| **SEWARD AND SON PLANTING COMPANY,** | ) | **JURY TRIAL DEMAND** |
| **Defendant.** | ) | |

# COMPLAINT

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of race and national origin and to provide appropriate relief to a class of aggrieved individuals who were adversely affected by such practices.

As alleged with greater particularity in this Complaint, Plaintiff U.S. Equal Employment Opportunity Commission (the "Commission") alleges Defendant Seward and Son Planting Company ("Defendant") subjected Black farm workers of American national origin to unlawful discrimination based on race and national origin by providing preferred job assignments, additional work hours, and higher bonuses to non-Black employees of non-American national origin.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed in Humphreys County, Mississippi within the jurisdiction of the United States District Court for the Northern District of Mississippi, Greenville Division. Venue is appropriate in this court.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5 (f)(1) and (3).

4. At all relevant times, Defendant has continuously been a general partnership operating a business headquartered in Louise, Mississippi, and has continuously done business in the State of Mississippi, Humpreys County, Mississippi, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, a Commissioner's charge (Charge No. 420-2023-03416) was filed with the Commission alleging violations of Title VII by Defendant.

7. On April 17, 2025, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in conciliating the matter.

8. The Commission engaged in conciliation discussions with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant an acceptable conciliation agreement, and, on July 10, 2025, the Commission issued Defendant a Notice of Failure of Conciliation.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

11. Defendant owns and operates a farming operation cultivating 22,000 acres of corn, soybeans, and cotton within a 10-mile radius of Louise, Mississippi.

12. Defendant's managers control the assignment of work and the number of hours worked by each farm laborer.

13. Defendant's managers verbally informed farm laborers when to report to work and when to leave on a daily basis and verbally provided work assignments to its employees on a daily basis.

14. Some work assignments were more physically taxing and complex. Some work assignments resulted in a higher bonus.

15. Defendant's farm laborers are paid on an hourly basis which results in employees who work additional hours receiving higher pay.

16. From December 1, 2020 to November 29, 2023, Defendant supplemented its existing workforce, which consisted primarily of Black farm workers of American national origin, with temporary agricultural workers from a foreign country, who were permitted to work in the United States under the H-2A visa program.

17. The temporary agricultural workers were non-Black and of non-American national origin.

18. Defendant's black employees of American national origin were directed to train the temporary agricultural workers on how to use American equipment that the foreign nationals were unfamiliar with.

19. Since at least December 1, 2020, Defendant has engaged in unlawful employment practices in favoring non-Black employees of non-American national origin by providing them with preferred job assignments, higher bonuses, and additional work hours resulting in higher pay for more desirable work over Black employees of American national origin in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). These unlawful practices include, but are not limited to, the following:

a) From December 1, 2020 to November 29, 2023, Defendant intentionally assigned non-Black employees of non-American national origin additional work hours and denied additional work hours to Black employees of American national origin, which resulted in the Black employees of American national origin earning substantially less.

b) From December 1, 2020 to November 29, 2023, Defendant intentionally assigned non-Black employees of non-American national origin more favorable jobs that were less physically strenuous and resulted in higher bonuses while assigning Black employees of American national origin more menial and physically taxing jobs that came with a lower bonus.

COUNT I

[Title VII – Race Discrimination – Disparate Treatment]

20. Plaintiff incorporates by reference and reasserts the allegations in Paragraphs six (6) through nineteen (19) of this Complaint.

21. From December 1, 2020 to November 29, 2023, Defendant has engaged in unlawful employment practices in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

22. As set forth in Paragraphs six (6) through nineteen (19) above, Defendant's discriminatory treatment of a class of Black employees included, but was not limited to, favoring non-Black employees with preferable job assignments, higher bonuses, additional work hours which resulted in lower pay for more physically taxing work because of their race (Black).

23. The unlawful employment practices complained of Paragraphs six (6) through nineteen (19) above were and are intentional.

24. The unlawful employment practices complained of in Paragraphs six (6) through nineteen (19) above were done and are being done with malice or reckless indifference to the federally protected rights of a class of Black employees.

25. The effect of the practices complained of in Paragraphs six (6) through nineteen (19) above has been to deprive a class of Black farm laborers of equal employment opportunities and otherwise adversely affect their status as employees because of their race (Black).

COUNT II

[Title VII – National Origin Discrimination – Disparate Treatment]

26. Plaintiff incorporates by reference and reasserts the allegations in Paragraphs six (6) through nineteen (19) of this Complaint.

27. From December 1, 2020 to November 29, 2023, Defendant's discriminatory treatment of a class of farm laborers of American national origin included, but was not limited to, favoring farm laborers who are of non-American national origin with preferable job assignments, higher bonuses, additional work hours which resulted in lower pay for more physically taxing work because of their national origin (United States).

28. The unlawful employment practices complained of in Paragraphs six (6) through nineteen (19) above were and are intentional.

29. The unlawful employment practices complained of in Paragraphs six (6) through nineteen (19) above were done and are being done with malice or with reckless indifference to the federally protected rights of a class of farm laborers who are of American national origin.

30. The effect of the practices complained of in Paragraphs six (6) through nineteen (19) above has been to deprive a class of farm laborers who are of American national origin employment opportunities and otherwise adversely affect their status as employees because of national origin (American).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in employment practices that discriminate on the basis of race and national origin.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black employees of American national origin, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole the class of aggrieved Black employees of American national origin by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful job assignments and bonuses and opportunities to work additional hours, and, where appropriate, front pay and instatement.

D. Order Defendant to make whole the class of aggrieved Black employees of American national origin by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendant to make whole the class of aggrieved Black employees of American national origin by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience in amounts to be determined at trial.

F. Order Defendant to pay the class of aggrieved Black employees of American national origin punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Andrew B. Rogers
Acting General Counsel

Christopher Lage
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

Marsha Lynn Rucker (PA 90041)
Regional Attorney
marsha.rucker@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 651-7045