**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. 4:25-cv-155-DMB-JMV |
| | ) | |
| **SEWARD AND SON PLANTING COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CONSENT DECREE

In this action, the United States Equal Employment Opportunity Commission ("EEOC") alleged in its Complaint that Defendant Seward and Son Planting Company ("Defendant" or "Seward") has violated Title VII of the Civil Rights Act of 1964, as amended, by subjecting a class of employees to disparate treatment in their pay and terms and conditions of employment on the basis of their race (Black) and national origin (United States of America). Defendant denies the allegations.

In the interest of resolving this matter and avoiding the expense of further litigation, the EEOC and Defendant (collectively, the "Parties") have agreed that this action shall be resolved by entry of this Consent Decree ("Consent Decree" or "Decree"). By requesting entry of this Decree, Seward does not admit liability. The Parties, therefore, hereby stipulate and consent to the entry of this Decree as final and binding on the Parties, including Defendant's successors, assigns, subsidiaries, and any other entity with which Defendant may merge or consolidate. The Parties have agreed this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the

sufficiency of which is hereby acknowledged, the Parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED, AND DECREED that:

## GENERAL PROVISIONS

1.     The Parties agree, and the Court finds that this Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties, that venue is proper, and that all administrative prerequisites to the filing of this action have been met. The EEOC's Complaint states claims which, if proved, would authorize this Court to grant relief against Defendant.

2.     This Consent Decree has been made and entered into by the Parties, who have agreed that its terms are adequate, fair, and reasonable. This Consent Decree resolves all issues raised in the EEOC's Complaint. Accordingly, the Parties have waived all further litigation of issues raised in the EEOC's Complaint.

3.     This Consent Decree is final and binding upon each of the Parties and their agents, officers, employees, servants, successors, and assigns.

## FORCE AND EFFECT

4.     This Consent Decree shall be filed in the United States District Court for the Northern District of Mississippi, Greenville Division, and the Court shall retain jurisdiction over this case during the period of the Consent Decree, to enforce the terms of the Consent Decree.

5.     The duration of this Consent Decree shall be 3 years from its date of entry. For all purposes in this Consent Decree, the date of entry is the date the Court enters it into the record with the Judge's signature (the "Effective Date").

6.     The Court shall retain jurisdiction for the duration of the Consent Decree, during which period the EEOC may petition this Court to enforce compliance with this Consent Decree.

Should the Court determine that Defendant has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered. Should the Court determine that the EEOC has sought enforcement action that goes beyond the scope of this Decree, the Court may enter an appropriate order for relief.

7.     This Consent Decree shall expire by its own terms at the end of its duration unless the EEOC has moved the Court for relief thereunder. If the EEOC has moved for relief when the Consent Decree would otherwise expire, the Consent Decree shall continue in full force and effect until the Court (i) orders otherwise or (ii) resolves the EEOC's motion.

8.     No waiver, modification, or amendment of any provision of this Consent Decree will be effective unless made in writing, approved by the Parties to this Consent Decree, and approved or ordered by the Court.

9.     Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of the Defendant to comply with any provision of Title VII or any regulations implementing Title VII.

10.     Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any pending or future charge of discrimination filed with the EEOC or against Defendant.

## MONETARY RELIEF FOR CLASS MEMBERS

11.     Defendant shall pay monetary relief in the total amount of $150,000 (consisting of backpay, plus interest, and compensatory and punitive damages) to aggrieved individuals (class members). The amount to be allocated and distributed to each class member shall be determined by the EEOC. Within 60 days of the entry of this Decree, the EEOC will provide Defendant a

distribution list (the "List") that includes the name, mailing address, and payment amount for each class member. Within 30 days of receipt of the List, Defendant shall mail, by certified mail, payment to each class member. Defendant shall provide the class members with the appropriate tax reporting forms by the legally required date.

12.     Concurrently with the payments, Defendant will submit copies of the checks and related correspondence to the EEOC, including electronically submitting copies of all such checks and correspondence to the following email address: marsha.rucker@eeoc.gov.

## NON-DISCLOSURE OF INFORMATION

13.     Defendant shall ensure that no charge, allegation of discrimination, or reference to this lawsuit against Defendant, is included in the personnel records of any class member to whom a payment is made in accordance with Paragraph No. 11 of this Decree. Defendant may retain this information, if any, in a file separate and apart from the personnel records. Defendant shall not disclose any information or refer to any charge of discrimination or this lawsuit in responding to requests for information about any class member. When fielding inquiries about them, Defendant shall provide the dates of employment and positions held consistent with its usual practice. Notwithstanding the foregoing, nothing in this Decree shall be construed as prohibiting Defendant from responding to or otherwise complying with a lawful court order.

## GENERAL INJUNCTIVE RELIEF

14.     For the duration of this Decree, Defendant, including its partners, officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them, are permanently enjoined from the following:

(a)     Discriminating against an applicant or employee on the basis of race or national origin in terms or conditions of employment in violation of Title VII,

(b)     Engaging in discrimination of wages, pay, or benefits on the basis of race or national origin in violation of Title VII,

(c)     In violation of Title VII, retaliating against any employee who does or did any of the following:

(i)     reported or otherwise opposed conduct reasonably believed to violate Title VII;

(ii)    contacted, or filed a charge of discrimination with, the EEOC or a state agency in relation to Title VII;

(iii)   testified, assisted, or participated in any manner in any inquiry, investigation, proceeding, or hearing concerning an alleged violation of Title VII;

(iv)    participated or agreed to participate in any manner in this action or in the EEOC investigation giving rise to this action; or

(v)     asserted any rights under Title VII.

## POLICIES AND PROCEDURES

15.    Within 60 days of the Effective Date of this Decree, Defendant shall review, revise as necessary, and disseminate its written policies and procedures against discrimination and retaliation ("EEO Policies"). At a minimum, those policies shall contain and provide for the following:

(a)     A statement expressing Defendant's strong and clear commitment to a workplace that complies with anti-discrimination laws including Title VII and that is free of unlawful discrimination and retaliation;

(b)     An explanation of the anti-discrimination and anti-retaliation laws, including Title VII, enforced by the EEOC;

(c)     Clear definitions of race-based discrimination, national-origin-based discrimination, and retaliation, with examples where appropriate;

(d)     An explanation of employees' rights to be free from unlawful discrimination including discrimination based on race or national origin;

(e)     A statement encouraging employees who believe they have been discriminated or retaliated against, or who believe they have witnessed discrimination or retaliation, to report it;

(f)     A statement that provides an assurance of non-retaliation and protection for persons who report based on the belief that they have been subjected to discrimination, harassment, or retaliation, and for persons who otherwise oppose activity unlawful under Title VII, or reasonably believed to be unlawful, or who participate in any form or fashion, including providing statements, assistance, or information related to the complaint, allegations, or report of discrimination, harassment, or retaliation;

(g)     A requirement that Defendant will take disciplinary and corrective action against any employee regardless of rank who engages in discrimination or retaliation or against any supervisor, manager, human resources personnel, or officer who condones discrimination or retaliation or who fails to address either in conformity with the law or Defendant's policies and procedures;

(h)     A complaint procedure for alleged discrimination, retaliation, or violation of Title VII that:

(i)     Provides an effective mechanism for reporting incidents of discrimination, harassment, and retaliation that, in addition to any internal reporting, includes information about and necessary to make a complaint—at any

time—to the EEOC;

(ii)     Provides that complaints of discrimination, harassment, or retaliation can be made either in writing or orally;

(iii)    Includes a complaint form which an employee may, but is not required, to use;

(iv)     Identifies, by name and title, Seward employees to whom a complaint can be made and provides their contact information;

(v)      States that making complaints to the person who is allegedly perpetrating the discrimination, harassment, or retaliation is not required under any circumstances;

(vi)     Provides assurance that complainants shall not be subjected to retaliation;

(vii)    States that complaints will be kept confidential to the extent practicable under the circumstances; and

(viii)   States that a complainant will be promptly informed once an investigation of discrimination, harassment, or retaliation has been completed and the outcome of that investigation, including any remedial actions taken;

(j)      A requirement that any supervisory, managerial, or human resources employee who observes or otherwise obtains information regarding discrimination or retaliation report such information immediately to a member of Defendant's managerial or human resources staff designated to handle such reporting; and

(k)      A statement that provides assurances that Defendant shall investigate all allegations of discrimination or retaliation promptly, fairly, reasonably, effectively,

expeditiously and as confidentially as practicable under the circumstances by appropriate investigators and that appropriate corrective action and appropriate follow-up shall be taken by Defendant.

16.     Within 60 days of the Effective Date, Defendant will post a copy of the EEO Policies in a prominent location frequented by employees and provide a paper or electronic copy of the EEO Policies to each current employee. A copy of the EEO Policies shall be provided to each new employee in paper or electronic form within 7 days of his or her hire. Employees shall be advised that they are permitted to keep the EEO Policies and take it home with them for their own records.

17.     Within 60 days of the Effective Date, Defendant shall provide its EEO Policies to the EEOC.

## TRAINING

18.     Within 60 days of the Effective Date and annually thereafter, Defendant shall provide live training on employment discrimination and retaliation to all owners, managers, and employees. Defendant shall communicate to the employees that attendance at the live, in-person training is a mandatory condition of their employment. While the employees will be in-person, the live trainer may deliver the training over an electronic platform. Such training shall be no less than 1.5 hours in duration and shall include at least the following:

(a)     An in-depth discussion of discrimination, including what constitutes unlawful discrimination under Title VII;

(b)     A discussion of Defendant's policies and procedures prohibiting discrimination and retaliation;

(c)     A definition of race discrimination and national-origin discrimination, and

a statement that it is against the law;

(d)     A discussion of the protections under Title VII regarding race and national-origin discrimination, including, but not limited to, Defendant's legal obligation to provide equal terms and conditions of employment without regard to national origin or race;

(e)     Employees' rights and responsibilities if they experience or witness unacceptable conduct at work, including the ways in which they can report discrimination;

(f)     Identification of federal, state, and local agencies responsible for enforcing anti-discrimination laws, a statement that employees can also make complaints to these agencies at any time, and contact information for each agency; and

(g)     Interactive training, providing participants opportunities both to answer and ask questions about how to recognize and respond to potentially discriminatory behavior in the workplace.

19.     For each training, Defendant shall use a trainer with knowledge and expertise in the provisions of Title VII and the addressing and prevention of discrimination and retaliation.

20.     Each annual training program for the duration of the Consent Decree shall contain at least (a) a detailed agenda; (b) curriculum vitae for the individual who will conduct and/or develop the training, or equivalent organizational information from any company delivering the training; and (c) training materials such as pamphlets, brochures, PowerPoint slides, agendas, videos, etc. These items shall be delivered to the EEOC Birmingham District Office, to the attention of the Regional Attorney by mail to 1130 22nd Street South, Suite 2000, Birmingham, Alabama, 35205 or by email to marsha.rucker@eeoc.gov, at least one week before the training. Acceptance or review of these materials by the EEOC shall not constitute approval of the materials but may be retained for compliance purposes.

**POSTING OF NOTICES**

21.     Within 7 days of the Effective Date of this Decree, Defendant shall post an 8½" x 11" laminated copy of the Notice attached as **Exhibit A** to this Consent Decree in a prominent location frequented by employees. This Notice shall remain posted throughout the term of this Consent Decree. If a copy of the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify with the EEOC, in writing, within 10 days of the Effective Date of this Decree that the Notice has been properly posted, including identifying the location where the Notice has been posted.

**REPORTING**

22.     Within 45 days of the Effective Date, after completing the review required by Paragraph No. 15 of this Consent Decree, Defendant shall report to the EEOC that the review has been completed and, to the extent that Defendant determines that revisions or updates are necessary, Defendant shall describe the steps it has taken to revise and update its policies and shall include a copy of all revised or new policies.

23.     On an annual basis for the duration of the Consent Decree beginning 1 year after the Effective Date, Defendant shall provide the EEOC a report comprised of the following:

        a.      A current copy of Defendant's EEO Policies;

        b.      A summary of training conducted pursuant to Paragraph Nos. 18-20, which shall include a list of the dates and persons trained during that time period;

        c.      A certification of compliance with the Notice and Posting requirements described in Paragraph No. 21, with a photograph of the posted materials in Defendant's locations;

d.        A list of all management or supervisory personnel with responsibility for enforcing Defendant's EEO Policies, including name, title, and date of hire; and

e.        A summary of all charges of, complaints of, or reports of discrimination and/or retaliation received by Defendant in the prior year.

## DECREE COMMUNICATIONS

24.      Except as otherwise provided for in this Decree, all notifications, reports, or other communications to the Parties pursuant to this Decree shall be made in writing and sufficient as emailed (or, with advance written permission, mailed) to the following persons (or their designated successors):

a.        For the EEOC: Marsha Rucker, Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, marsha.rucker@eeoc.gov.

b.        For Defendant: Timothy Taylor, Partner, Holland & Knight LLP, 1650 Tysons Boulevard, Suite 1700, Tysons, VA 22102, timothy.taylor@hklaw.com.

Notwithstanding this paragraph, a party may change such addresses or identify a different designee by written notice to the other party setting forth a new address for this purpose or identifying a different designee without Order of the Court or approval of the other party.

## MONITORING

25.      The EEOC shall have the right to monitor and review compliance with this Consent Decree. Defendant shall cooperate with the EEOC in any review function as it relates to this Decree. Upon 14 days' prior written notice as part of a review, the EEOC may inspect Defendant's facilities, interview employees, and examine and copy documents. Defendant will make all employees available to the EEOC and shall permit employees to speak confidentially with the

EEOC for the purposes of verifying compliance with this Decree.

### DISPUTE RESOLUTION

26.     In the event that a party to this Consent Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party a cure period of 15 days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance within 7 days after the expiration of said cure period, the complaining party may apply to the Court for appropriate relief. At the option of the complaining Party, the term of the Decree shall be extended during the pendency of any dispute under this Paragraph.

### COSTS AND ATTORNEY FEES

27.     Each party shall bear its own attorneys' fees and costs incurred in this action up to the date of the entry of this Consent Decree, and in any dispute related to, connected with, or arising out of this Consent Decree.

### SUCCESSOR NOTIFICATION

28.     For the duration of this Decree, Defendant shall provide notice and a copy of this Decree to any successors or any other corporation or other entity that acquires Defendant and any other corporation or other entity into which Defendant may merge. The successors or acquiring entities shall be fully liable for complying with the terms of the Decree.

29.     Defendant will provide written notice to the EEOC 21 days before any transfer of its business.

### EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(f) and 6050X

30.     The EEOC may be required to report the fact of this settlement to the IRS under

Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

31.     Defendant's EIN is 64-0922255. The individual to whom the EEOC should mail a copy of the Form 1098-F, if the EEOC is required to issue one, is Seward & Son Planting Company, Attn: Darington Seward, 93 Anchor Dr. Yazoo City, MS 39194.

32.     The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

33.     The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## SIGNATURES

34.     Each signatory to this Decree represents that he or she is fully authorized to execute this Decree and to bind the party on whose behalf he or she signs. By signing this Decree, each party acknowledges that it has read and understands the terms of this Decree and agrees to be bound by the terms of this Decree.

35.     The parties agree to the entry of this Decree subject to final approval by the Court. SO ORDERED this 25th day of ___November___, 2025.

BY THE COURT:

_____

United States District Judge

BY CONSENT:

**FOR PLAINTIFF**

ANDREW ROGERS
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

_____
MARSHA RUCKER
REGIONAL ATTORNEY
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Date: _9/29/25_

**FOR DEFENDANT**

_____       Byron D. Seward
AUTHORIZED REPRESENTATIVE FOR          _____
SEWARD AND SON PLANTING COMPANY        (Printed name)

Date: _9-29-2025_

Page 14 of 15